UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE L. HOWARD, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:06CV563 CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

Pending before me is movant Joe L. Howard's "Motion to Vacate District Court Sentence Rule 60(b)(6) of Federal Rules of Civil Procedure." Howard was previously sentenced to 188 months imprisonment following his conviction by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Criminal Case No. 4:03CR273 CDP. His conviction and sentence were affirmed on appeal. No. 04-3662 (8th Cir. June 10, 2005).

Following his unsuccessful appeal, Howard moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. I denied that motion on the merits in May of 2009 without issuing a certificate of appealability, and the Eighth Circuit Court of Appeals later denied Howard's application for a certificate of appealability and dismissed his appeal. No. 09-2604 (Dec. 1, 2009). Howard now

moves to vacate his sentence under Fed. R. Civ. P. 60(b)(6), contending I erred by sentencing him as an armed career offender under 18 U.S.C. § 924(e), because his prior convictions occurred more than fifteen years before he unlawfully possessed a firearm.

After reviewing Howard's motion, I conclude that it must be denied. Although Fed. R. Civ. P. 60(b)(6) allows a district court to grant a party relief from a final judgment for "any . . . reason that justifies relief," 18 U.S.C. § 2255(h) also prohibits a federal inmate from filing a second or successive motion under § 2255 without first receiving authorization to do so from the appropriate United States Court of Appeals. Additionally, it is well settled that an inmate may not bypass § 2255(h)'s requirement by purporting to invoke some other procedure, such as a motion for relief from judgment under Fed. R. Civ. P. 60. *E.g., Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). Applying the Supreme Court's rules for determining whether a motion under Rule 60 is really a successive state habeas motion under 28 U.S.C. § 2254, *see Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005), this Court has previously dismissed §2255 habeas petitioners' motions under Rule 60 when they assert or reassert claims of error by the district court. *See, e.g., Blackwell v. United States*, Civil Case No. 4:09CV1687 CAS (E.D. Mo. Oct. 14, 2009).

Here, Howard's motion attempts to vacate his sentence based on my alleged errors, so it is actually an attempt to re-litigate his habeas proceedings. *See id.* Because Howard has failed to receive authorization from the Eighth Circuit Court of Appeals before filing this motion, it must be denied.

For these reasons,

**IT IS HEREBY ORDERED** that Howard's motion for reconsideration [#30] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2010.